NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210709-U

NO. 4-21-0709

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 12, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* H.D., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Macon County |
| Petitioner-Appellee, | ) | No. 18JA268 |
| v. | ) | |
| Herbert D., | ) | Honorable |
| Respondent-Appellant). | ) | Thomas E. Little, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding the trial court's findings respondent was
an unfit parent and it was in the minor's best interest to terminate respondent's
parental rights were not against the manifest weight of the evidence.

¶ 2     Respondent father, Herbert D., appeals from the trial court's judgment terminating

his parental rights to his son, H.D. (born May 25, 2016). On appeal, respondent argues the trial

court's findings he was an unfit parent and it was in the minor's best interest to terminate his

parental rights are against the manifest weight of the evidence. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4     Respondent and Africa B. are the minor's biological parents. Africa B.'s parental

rights to the minor were also terminated during the proceedings below. She is not, however, a party

to this appeal.

¶ 5                  A. Supplemental Motion to Terminate Parental Rights

¶ 6        In August 2021, the State filed a supplemental motion to terminate respondent's parental rights. In its motion, the State alleged respondent was an unfit parent in that he (1) abandoned the minor (750 ILCS 50/1(D)(a) (West 2020)), (2) failed to maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare (750 ILCS 50/1(D)(b) (West 2020)), and (3) deserted the minor "for more than three months prior to the unfitness proceeding" (750 ILCS 50/1(D)(c) (West 2020)). The State further alleged it was in the minor's best interest to terminate respondent's parental rights and appoint the Department of Children and Family Services (DCFS) as guardian with the power to consent to adoption.

¶ 7                                B. Fitness Hearing

¶ 8        In September 2021, the trial court held a fitness hearing. Respondent did not appear but was represented by counsel. The State presented testimony from a DCFS investigator who was involved with taking the minor into protective custody and a DCFS caseworker who was assigned to the minor's case. Respondent did not present any evidence. The following is gleaned from the evidence presented.

¶ 9        In November 2018, the minor was removed from the care of his mother and placed in protective custody. Thereafter, the DCFS investigator spoke with respondent by telephone about the minor's case. During the call, the investigator advised respondent, who lived in Chicago, of a shelter care hearing occurring the same day in Decatur. Respondent informed the investigator that he would not be able to attend the shelter care hearing. The investigator requested respondent's mailing address, which respondent provided. The investigator later provided the DCFS caseworker assigned to the minor's case with respondent's mailing address. The minor's caseworker then attempted to contact respondent by mail.

¶ 10        Respondent first reached out to the minor's DCFS caseworker on April 16, 2019.

On that date, respondent called the caseworker by telephone and indicated he had been in contact with the minor's mother "but she was not clear with him what was going on." The caseworker informed respondent that the minor was in foster care in Decatur and the permanency goal was for the minor to return home. Respondent asked the caseworker about visits, to which the caseworker explained she could "set up once a week visitation, supervised, but they will have to be here in Decatur." The caseworker advised respondent the next court date was on April 18, 2019, and it would be "essential for him to be present at court." Respondent indicated he was uncertain if he would be able to attend court but, even if he could not attend, he would call the caseworker the day after to learn about the proceeding. Respondent did not attend the court proceeding, nor did he reach out to the caseworker about it.

¶ 11 The DCFS caseworker mailed respondent letters in October 2019, May 2020, and November 2020. Respondent did not reach out to the caseworker until December 2020. During the conversation in December 2020, respondent informed the caseworker he had received the November 2020 letter, he had difficulty traveling due to a disability, and he "wanted his son placed with him." The caseworker testified respondent had difficulty understanding that she "couldn't just give his son to him because he made contact with [DCFS] and that it was a process."

¶ 12 Respondent never completed an integrated assessment for the minor's case, which precluded DCFS from determining whether respondent needed to complete services. Responded never followed through with his inquiry about visitation with the minor. The DCFS caseworker believed the minor could not be safely placed in respondent's care.

¶ 13 Based on this information, the trial court found respondent was an unfit parent for all the reasons alleged in the State's supplemental motion to terminate parental rights.

¶ 20 C. Best-Interest Hearing

¶ 21    In November 2021, the trial court held a best-interest hearing. Respondent did not appear but was represented by counsel. The court received for its consideration a best-interest report. Respondent did not present any evidence. The following is gleaned from the best-interest report.

¶ 22    The minor, who was five years old at the time, had been placed with his foster parents since November 2018. The minor was "doing exceedingly well." His emotional, physical, and medical needs were being met. He was bonded to his foster parents and showed them affection. He was integrated into his foster home and was considered part of his foster family. The minor was developmentally on target and up to date on his immunizations and well-child exams. His foster parents recently signed him up for counseling to help him with processing his emotions. The minor's foster parents had expressed a desire to adopt the minor as well as one of the minor's siblings who also resided with them. The minor had not had visitations with respondent, and respondent had not demonstrated an ability to meet minimal parenting standards. The author of the best-interest report believed it would be in the minor's best interest to terminate respondent's parental rights.

¶ 23    Based on this information, the trial court found it would be in the minor's best interest to terminate respondent's parental rights. The court entered a written order terminating respondent's parental rights.

¶ 24    This appeal followed.

¶ 25                           II. ANALYSIS

¶ 26    On appeal, respondent argues the trial court's findings he was an unfit parent and it was in the minor's best interest to terminate his parental rights are against the manifest weight of the evidence. The State disagrees.

¶ 27                                A. Unfitness Finding

¶ 28        Respondent asserts the trial court's finding he was an unfit parent is against the manifest weight of the evidence.

¶ 29        In a proceeding to terminate parental rights, the State must prove parental unfitness by clear and convincing evidence. *In re N.G.*, 2018 IL 121939, ¶ 28, 115 N.E.3d 102. A trial court's finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Id.* ¶ 29. A finding is against the manifest weight of the evidence "only where the opposite conclusion is clearly apparent." *Id.*

¶ 30        The trial court found respondent was an unfit parent as defined in section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2020)). Section 1(D)(b) states a parent will be considered an "unfit person" if he or she fails "to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare." In determining whether a parent showed a reasonable degree of interest, concern, or responsibility as to a child's welfare, the court must examine "the parent's conduct concerning the child in the context of the circumstances in which that conduct occurred." *In re Adoption of Syck*, 138 Ill. 2d 255, 278, 562 N.E.2d 174, 185 (1990).

¶ 31        The evidence at the fitness hearing demonstrated respondent was aware that the minor had been taken into protective custody and then failed to maintain contact with the minor's caseworker, the individual assigned to monitor the minor's welfare, and take any actions in relation to the minor's welfare. Respondent, on appeal, points to his statement in December 2020 that he wanted the minor placed with him. That single statement, however, does not show a *reasonable* degree of interest as to the minor's welfare. Respondent also, on appeal, points to the difficulty he had with traveling due to his disability. Any difficulty he had with traveling, however, does not explain respondent's failure to maintain contact with the minor's caseworker. Given the evidence

presented, we find the trial court's unfitness finding based on respondent's failure to maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare is not against the manifest weight of the evidence.

¶ 32 As only one ground for a finding of unfitness is necessary to uphold the trial court's judgment, we need not review the other grounds for the court's unfitness finding. *In re Z.M.*, 2019 IL App (3d) 180424, ¶ 70, 131 N.E.3d 1122.

¶ 33 B. Best-Interest Finding

¶ 34 Respondent asserts the trial court's finding it was in the minor's best interest to terminate his parental rights is against the manifest weight of the evidence.

¶ 35 In a proceeding to terminate parental rights, the State must prove termination is in the child's best interests by a preponderance of the evidence. *In re D.T.*, 212 Ill. 2d 347, 367, 818 N.E.2d 1214, 1228 (2004); see also 705 ILCS 405/1-3(4.05) (West 2018) (setting forth several factors a trial court must consider when determining whether termination of parental rights would be in a child's best interest). A trial court's best-interest finding will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re J.B.*, 2019 IL App (4th) 190537, ¶ 33, 147 N.E.3d 953. Again, a finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent. *Id.*

¶ 36 The evidence at the best-interest hearing demonstrated the minor was bonded to his foster parents, whom he had resided with for most of his life. The foster parents provided the minor with a safe and loving home and made sure he was given proper care. The foster parents were also willing to provide the minor with permanency through adoption. Conversely, the minor had not visited with respondent in at least three years, and respondent had not demonstrated an ability to meet minimal parenting standards. Given the evidence presented, we find the trial court's finding

it was in the minor's best interest to terminate respondent's parental rights is not against the manifest weight of the evidence.

¶ 37                                      III. CONCLUSION

¶ 38            We affirm the trial court's judgment.

¶ 39            Affirmed.